UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIBERTY MUTUAL
INSURANCE COMPANY,

     Plaintiff,                                Civil Action No. 19-CV-10028

vs.                                          HON. BERNARD A. FRIEDMAN

MARCUS HEADE, et al.,

     Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is presently before the Court on the motion of defendants Marcus, Jasmine, Nathaniel, and Naomi Heade (collectively, "the Heades") to dismiss [docket entry 26]. Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") has filed a response in opposition. The Heades have not replied, and the time for them to do so has expired.

In this case, plaintiff seeks a declaration regarding the parties' rights and obligations under four insurance policies. The Heades "have made claims of over $600,000.00 to Plaintiff" for injuries they sustained in a motor vehicle accident in September 2016. Second Am. Compl. ("SAC") ¶¶ 7, 15-16. Plaintiff is the Heades' no-fault insurer. Plaintiff alleges that the Heades also have medical and disability insurance coverage under policies issued by defendants BCBS of Michigan, Sun Life Assurance Company of Canada, and FCA US, LLC, and that those policies are higher in priority by virtue of a coordination of benefits clause in the no-fault policy. Specifically, the complaint asks

> a. That this Honorable Court enter an order of Declaratory Relief as to Plaintiff's liability, if any, for the payment of no-fault benefits, to or for the benefit of Defendants.

b. That this Honorable Court enter an order Declaring the Rights of Plaintiff to demand Explanation of Benefits forms in determining Its obligations for the payment of no-fault benefits to Defendants.

c. That this Honorable Court determine whether or not Plaintiff owes medical expenses and/or wage loss benefits on a primary basis or secondary basis to Defendants pursuant to the terms of the Liberty Mutual policy.

d. That this Honorable Court enter Judgment against Plaintiffs [sic] as deemed appropriate by this Honorable Court and the laws of the United States.

SAC at 4-5.

In their motion to dismiss, the Heades first argue that plaintiff lacks standing because it is not a plan participant, beneficiary, or fiduciary. The Court rejects this argument. Plaintiff has standing because the Heades have asserted a claim against it for benefits under the no-fault policy it issued. This potential liability constitutes an "injury in fact" that is "traceable to the challenged action of the defendant" and that can be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

The Heades also argue that the Court should dismiss the complaint because plaintiff, by seeking a ruling that it could and should have sought in state court, is engaging in improper "procedural fencing." Heades' Br. at 4 (quoting *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 522 (6th Cir. 2000)). Plaintiff denies this accusation, but the facts bear it out. The Heades sued Liberty Mutual in Wayne Circuit Court in 2017,[1] claiming that it had wrongfully failed to pay any of the benefits to which they were entitled following an automobile accident in which they were all seriously injured. On May 30, 2018, *see* Pl.'s Resp. ¶ 6, Liberty Mutual filed a motion in that court

---

[1] *See Heade v. Liberty Mut. Ins. Co.*, Civ. No. 17-005480-NF (Wayne Cty. Cir. Ct.).

for summary disposition in which it argued that "its policy contains both a 'coordination of benefits clause' and a 'priority clause' [pursuant to which] Liberty Mutual is Secondary to any other available medical coverage." Heades' Opp. [in Wayne Circuit Court] to Def. Liberty Mutual's Mot. for Partial Summ. Disp.[2] PageID.283. On November 26, 2018, the Heades responded to that motion and argued that Liberty Mutual had failed to demonstrate that the coordination of benefits clause made the policy secondary in coverage to other policies. *Id.*, PageID.283-86. Liberty Mutual's motion was scheduled to be heard on December 7, 2018, *see* Pl.'s Resp. ¶ 8, but Liberty Mutual withdrew the motion on December 5. Heades' Mot. to Dismiss, Ex. D. Liberty Mutual indicates that this last-minute withdrawal of its motion was due to "the handling of Liberty's interests in the Circuit Case [being] transferred to different counsel within the firm in November 2018, just prior to the hearing." Pl.'s Resp. ¶ 8. Liberty Mutual's counsel informed the Heades' counsel on December 5, 2018, "I intend to file another MSD regarding the Coordination of Benefits clause of the Chrysler Plan as I believe that the Federal Pre-emption does not apply here," Heades' Mot. to Dismiss, Ex. D (PageID.274), but it does not appear that she did so. Instead, on January 4, 2019, Liberty Mutual commenced the instant action in this Court.

Federal courts have discretion to entertain or reject declaratory judgment actions. *See* 28 U.S.C. § 2201(a) ("any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration"). In deciding how to exercise its discretion, Sixth Circuit precedent requires the Court to consider

---

[2] Liberty Mutual's summary disposition motion is not attached to the parties' motion papers, but Liberty Mutual concedes that "it filed a Motion for Partial Summary Disposition in the Circuit Case on or about May 30, 2018, regarding the proper submission of billing incurred by the incurred parties [sic] through the BCBS policy." Pl.'s Resp. ¶ 6.

whether "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue" and whether "it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). In answering these questions, the Court considers

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.*

In the present case, consideration of these factors convinces the Court that it should decline to hear Liberty Mutual's declaratory judgment action. Of the five factors, only the second weighs in favor of granting the requested relief Liberty Mutual seeks. The other four factors weigh heavily against doing so. The requested ruling will not "settle the controversy" but will at best determine where, in the order of priority, the Liberty Mutual policy stands in relation to the others. Whether Liberty Mutual owes the Heades coverage, however, depends on many other factors, as is apparent from the twenty affirmative defenses it has pled in state court. *See* PageID.382-85. For example, Liberty Mutual asserts that the Heades' claim is barred by the statute of limitations and by the Heades' failure to give reasonable notice, that the Heades have not presented reasonable proof of their losses, that their claim is subject to various offsets, that the Heades have not mitigated their damages, and that they have failed to comply with Michigan court rules. Clearly, the priority issue raised in the instant declaratory judgment action is only one of many that must be resolved in order

4

to "settle the controversy."

Moreover, the instant complaint is a clear example of the type of "procedural fencing" and "gratuitous interference with the orderly and comprehensive disposition of a state court litigation" that the Sixth Circuit criticized in *Grand Trunk*, and in subsequent cases. *See, e.g., NGS*, 218 F.3d at 522 (noting "that federal courts frown upon declaratory judgment actions brought for procedural fencing purposes"). As Liberty Mutual itself recognized by filing its motion for summary disposition in Wayne Circuit Court, that court is perfectly capable of determining the priority issue Liberty Mutual now asks this Court to determine instead. By filing its motion in state court, withdrawing it six months later (and just two days before the state court was to hear it), and then commencing the instant action, Liberty Mutual has interfered with the orderly progression of the state litigation. Liberty Mutual presents no argument as to why it did not avail itself of the "alternative remedy" of simply allowing the state court to decide the issue.

Further, resolution of the priority issue will depend on a review and interpretation of the coordination of benefits language, if any, in each policy. As the Sixth Circuit noted in *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990), "[t]he states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." A federal court should hesitate to accept an invitation to interpret insurance contracts particularly where, as here, the issue has already been presented to a state court that was on verge of hearing argument. Such unnecessary federal court involvement risks "increas[ing] friction between our federal and state courts and improperly encroach[ing] upon state jurisdiction." *Grand Trunk*, 746 F.2d at 326.

For all of these reasons, the Court concludes that it would be an improper exercise

of its discretion to entertain the instant action.  Accordingly,

IT IS ORDERED that the Heade defendants' motion to dismiss is granted.


s/Bernard A. Friedman
Dated:  October 23, 2019          BERNARD A. FRIEDMAN
     Detroit, Michigan          SENIOR UNITED STATES DISTRICT JUDGE